IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| STEPHEN WALKS,<br><br>      Petitioner,<br>vs.<br><br>WARDEN WILLIAMS, ATTORNEY GENERAL OF THE STATE OF MONTANA,<br><br>      Respondents. | Cause No. CV 26-51-H-SPW<br><br><br>ORDER |

Petitioner Stephen Walks ("Walks"), a state pro se prisoner, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254. (Doc. 1.) Walks requests that this Court impose a stay of the instant proceedings while he attempts to exhaust his claims in the state court system. *See*, (Doc. 2.)

Walks also seeks leave to proceed in forma pauperis. (Doc. 3.) A review of Walks' account statement indicates that he may not be able to afford costs associated with this matter. The motion will be granted.

The Court is required to screen all actions brought by prisoners who seek relief. 28 U.S.C. § 1915(a). The Court must dismiss a habeas petition or portion thereof if the prisoner raises claims that are legally frivolous or fails to state a basis upon which relief may be granted. 28 U.S.C. § 1915A(b)(1), (2). The Court must

1

dismiss a habeas petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." *See*, Rule 4, Rules Governing Section 2254 Cases in the United States District Courts.  As explained below, because Walks' petition is unexhausted, it will be dismissed without prejudice.

**Background/Walks' Claims**

Walks challenges a net 75-year sentence, and corresponding 25-year parole restriction, for two counts of Sexual Intercourse without Consent and one count of Sexual Assault handed down in Montana's First Judicial District, Lewis and Clark County.  (Doc. 1 at 2-3.)  Walks timely filed a direct appeal.  On July 8, 2025, the Montana Supreme Court affirmed Walks' convictions and sentence.  *See, State v. Walks*, 2025 MT 147, 423 Mont. 35, 571 P. 3d 648.

Walks indicates that he has a hearing before the Sentence Review Division scheduled on August 7, 2026.  (Doc. 1 at 3, 6.)  Walks also states that he is in the process of pursuing postconviction relief in the state district court.  (*Id.* at 3-4, 6.)  In the instant matter, Walks alleges: appellate counsel provided ineffective assistance, (*id.* at 4); trial counsel provided ineffective assistance, (*id.* at 6, 8); and new evidence shows there was collusion between witnesses that tainted the underlying investigation. (*Id.* at 7.)  Walks explains that these are the same claims he intends to raise in his state postconviction petition. (*Id.* at 5, 6, 7, 8.)

Walks asks that this Court appoint counsel, set a hearing, and grant him

habeas relief. He also suggests that, if appropriate, he should be granted an exoneration and be released from imprisonment. (*Id.* at 9.)

**Analysis**

To the extent that Walks' present claims are cognizable under 28 U.S.C. § 2254, the claims are unexhausted. A federal court may entertain a petition for habeas relief only if the petitioner has exhausted his state court remedies before petitioning for a writ in federal court. *Baldwin v. Reese*, 541 U.S. 27, 29 (2004). Federal courts may not grant a writ of habeas corpus brought by an individual in custody pursuant to a state court judgment unless "the applicant has exhausted the remedies available in the courts of the State." 28 U.S.C. §2254(b)(1)(A). "The exhaustion-of-state-remedies doctrine, now codified at 28 U.S.C. §§ 2254(b) and (c), reflects a policy of federal-state comity, an accommodation of our federal system designed to give the State an initial opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Picard v. Connor*, 404 U.S. 270, 275 (1971) (internal quotation marks and citation omitted).

To meet the exhaustion requirement, a petitioner must (1) use the "remedies available," § 2254(b)(1)(A) through the state's established procedures for appellate review, *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999), (2) describe "the federal legal theory on which his claim is based," *Davis v. Silva*, 511 F.3d 1005, 1009 (9th Cir. 2008), and (3) describe "the operative facts . . . necessary to give application

3

to the constitutional principle upon which the petitioner relies." *Id.. see also Gray v. Netherland*, 518 U.S. 152, 162-63 (1996). A petitioner must meet all three prongs of the test in one proceeding. "Mere 'general appeals to broad constitutional principles, such as due process, equal protection, and the right to a fair trial,' do not establish exhaustion." *Castillo v. McFadden*, 399 F. 3d 993, 999, cert. denied, 546 U.S. 818 (2005).

In his filing, Walks acknowledges that he has an active matter pending before the Montana Sentence Review Division. Walks also states he is in the process of pursuing postconviction relief in the state district court. Accordingly, the state courts have not yet considered the federal claims Walks attempts to advance. Walks must first present his claims to the state courts, including the Montana Supreme Court, in a procedurally appropriate manner and give them one full opportunity to review his federal constitutional claims. *O'Sullivan*, 526 U.S. at 845. Because Walks has not completely exhausted his available state court remedies, this Court cannot yet review the claims. *See, Rose v. Lundy*, 455 U.S. 509 (1982).

Further, Walks has not provided an adequate basis to stay the instant proceedings. *See e.g., Rhines v. Weber*, 544 U.S. 269 (2005). Under *Rhines*, a federal district court may stay a mixed habeas petition – that is one containing both exhausted and unexhausted claims – and allow the petitioner to return to state court

4

to litigate the unexhausted claims. *Rhines*, 544 U.S. at 277; *Jackson v. Roe*, 425 F. 3d 654, 660 (9th Cir. 2005). A district court also has the discretion to stay and hold in abeyance a fully unexhausted petition, such as Walks' petition, under the circumstances set forward in *Rhines*. *Mena v. Long*, 813 F. 3d 908 (9th Cir. 2016). Stay and abeyance under *Rhines* is only available when: (1) the petitioner has good cause for his failure to exhaust his claims first in state court; (2) the unexhausted claims are not "plainly meritless"; and (3) the petitioner has not engaged in "abusive litigation tactics or intentional delay." *Rhines*, 544 U.S. at 277-78; *see also Mitchell v. Valenzuela*, 791 F. 3d 1166, 1171 (9th Cir. 2015). Any such stay must be limited in time to avoid indefinite delay. *Rhines*, 544 U.S. at 277-78.

Given the present procedural posture of Walks' state proceedings, the motion to stay will be denied. Walks has not provided good cause to stay the matter. *See*, (Doc. 2); see also, *Wooten v. Kirkland*, 540 F. 3d 1019, 1024 (9th Cir. 2008)(noting that because AEDPA "encourage[s] petitioner to exhaust their claims in state court before filing in federal court" stays should be granted only in "limited circumstances"). Dismissal of the matter, however, will be **without prejudice,** allowing Walks to return to this Court if and when he fully exhausts the claims relative to his current custody.

**Certificate of Appealability**

Finally, "[t]he district court must issue or deny a certificate of appealability

when it enters a final order adverse to the applicant." Rule 11(a), Rules governing § 2254 Proceedings. A COA should issue as to those claims on which a petitioner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The standard is satisfied if "jurists of reason could disagree with the district court's resolution of [the] constitutional claims" or "conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Where a claim is dismissed on procedural grounds, the court must also decide whether "jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Gonzalez v. Thaler*, 132 S. Ct. 641, 648 (2012) (quoting *Slack*, 529 U.S. at 484).

Walks has not yet made a substantial showing that he was deprived of a federal constitutional right. Further, because his petition is unexhausted, reasonable jurists would not find the procedural ruling debatable. There are no close questions and there is no reason to encourage further proceedings in this Court. A certificate of appealability will be denied.

Based on the foregoing, the Court enters the following:

## ORDER

1. Walks' Petition (Doc. 1) is DISMISSED without prejudice.

2. Walks' motion for leave to proceed in forma pauperis (Doc. 2) is

GRANTED.  The Clerk of Court is directed to waive payment of the filing fee.

3.  Walks' motion to stay (Doc. 2) is DENIED.

4.  The Clerk of Court is directed to enter a judgment of dismissal.

5.  A certificate of appealability is DENIED.

DATED this 27th day of July, 2026.

Susan P. Watters
United States District Court Judge